UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**WACKO'S TOO, INC.**, )
a Florida corporation doing business as )
WACKO's, ) CASE NO.: 3:18-cv-74-TJC-MCR
 )
    Plaintiff, )
 )
vs. )
 )
**CITY OF JACKSONVILLE**, a Florida )
municipal corporation, and )
**KEVIN L. JONES**, individually, )
 )
    Defendants. )
_____/

# JOINT MOTION FOR ENTRY OF FINAL CONSENT ORDER

COME NOW the Plaintiff, WACKO'S TOO, INC., and the Defendants, CITY OF JACKSONVILLE and KEVIN L. JONES, individually, by and through their respective attorneys, and move this Court to enter a Final Consent Order adopting the Settlement Agreement of the parties and say:

1. The parties have entered into a Settlement Agreement which resolves all of the claims set forth in Plaintiff's Complaint and the City's Counterclaim. A copy of the Settlement Agreement is attached as Exhibit "A" to this Joint Motion,

2. The Settlement Agreement imposes certain rights and obligations on the parties which should be incorporated into an Order of the Court.

3. The parties have agreed to a proposed Consent Order, a copy of which is attached as Exhibit "B" to this Joint Motion. The parties request that the Court adopt this

Consent Order, or an Order in substantially the same from.

WHEREFORE, the parties move for entry of a Consent Order in substantially the form attached to this Motion.

DATED: December 24, 2018.


| BENJAMIN, AARONSON, EDINGER & PATANZO, P.A. | OFFICE OF GENERAL COUNSEL |
|---|---|
| /s/ Gary S. Edinger<br>GARY S. EDINGER, Esquire<br>Florida Bar No.: 0606812<br>305 N.E. 1st Street<br>Gainesville, Florida 32601<br>(352) 338-4440 / 337-0696 (Fax)<br>GSEdinger12@gmail.com<br>*Attorneys for Plaintiff* | /s/ Jason Teal<br>JASON TEAL, Esquire<br>Florida Bar No.: 0157198<br>117 West Duval Street, Suite 480<br>Jacksonville, Florida 32202<br>(904) 630-1700 / (904) 630-1316 (Fax)<br>JTeal@coj.net<br><br>JEFFREY C. CLOSE, Esquire<br>Florida Bar No.: 164593<br>117 West Duval Street, Suite 480<br>Jacksonville, Florida 32202<br>(904) 630-1700 / (904) 630-1316 (Fax)<br>jclose@coj.net<br>*Attorneys for Defendants* |

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**WACKO'S TOO, INC.**,
a Florida corporation doing business as
WACKO's,

CASE NO.: 3:18-cv-74-TJC-MCR

Plaintiff,

vs.

**CITY OF JACKSONVILLE**, a Florida
municipal corporation, and
**KEVIN L. JONES**, individually,

Defendants.

_____/

# MEDIATION AGREEMENT

COME NOW, the Plaintiff, WACKO'S TOO, INC., and the Defendants, CITY OF JACKSONVILLE, a Florida municipal corporation and KEVIN L. JONES, individually, and agree as follows:

WHEREAS, Plaintiff initiated the above-captioned Federal litigation for the purpose of asserting various constitutional challenges and state law claims in connection with a DART inspection which occurred on or about March 31, 2017 ; and

WHEREAS, the Defendants assert that the challenged DART inspection was conducted in a lawful manner and that the City's ordinances, policies and practices are constitutional and may be enforced and applied against the Plaintiff in accordance with their terms; and

WHEREAS, the parties acknowledge that litigation is uncertain while settlement of disputes creates certainty for both parties while avoiding the significant burden and expense of litigation;

WHEREAS, the parties participated in a good faith mediation on October 23, 2018 conducted by MICHAEL H. KAHN, Esquire; and

WHEREAS, all parties wish to resolve the case without giving up, reducing, or admitting their own claims or defenses, or receding from their positions; now therefore

THE PLAINTIFF AND THE DEFENDANTS agree as follows:

1. The parties agree that the relief afforded by this Stipulation shall not be construed as a concession by the Defendants that they violated any of Plaintiff's constitutional rights or committed any act of wrongdoing, it being acknowledged that Defendants specifically deny any such violations or wrongful acts.

2. The Jacksonville Fire and Rescue Department ("JFRD") shall adopt the following administrative policy which shall apply to its employees. The policy shall be distributed to all such employee via e-mail and shall be included in the employee handbook or policy guidelines governing those employees:

A. Unless the employee has secured an administrative search warrant, or exigent circumstances exist, the employee shall request permission to search the interior of any premises for which consent is required prior to conducting a search. At the time the employee requests permission to search, he shall give a "Blackstone Notice" to the landowner or person in charge of the premises which shall include all of the information shown in Exhibit "A" attached to this Agreement, except for the information regarding charges for the inspection. Employees are encouraged to secure a signature on the Blackstone Notice acknowledging receipt and consent to search, but a signature is not required so long as the Notice is actually given. The foregoing notice requirement shall not apply to permit inspections conducted to verify that corrective measures required by a notice of violation are being undertaken.

B. In all cases where an authorized JFRD employee has ordered the emergency closure of a business or vacation of property under in §420.111 the JFRD shall be responsible for sending the written notice to both the landowner and to the occupant of the property as required by §420.111(c).

C. In every circumstance where a JFRD employee has ordered the emergency closure of a business or vacation of property under in §420.111 and a lawful request has been filed for an expedited hearing pursuant to §§420.111(g), (h) and (i), the JFRD employee who signed the cease and desist order / notice to vacate shall notify the Jacksonville Special Magistrate of the request for hearing on the same day as the receipt of the request for hearing, if received before 3:00 PM on a weekday; or by 12:00 P.M. on the first business day after receipt of the request, if received after 3:00 PM or on a weekend/holiday. The notice to the Special Magistrate shall be by e-mail [currently, aprilm@coj.net)] or hand delivery [to Special Magistrate Administrative Office, 214 N. Hogan Street, 7th Floor, Jacksonville, Florida 32202] and shall include a copy of the cease and desist order / notice to vacate and the request for hearing. A copy of the notice shall be e-mailed to the requesting party at the time it is provided to the Special Magistrate. The JFRD employee who issued the cease and desist order / notice to vacate or the requestor may follow up with the Special Magistrate on the following business day to confirm receipt of the request for hearing and to confirm that the matter will be set for hearing by the Special Magistrate.

The City shall take no action to interfere with the setting of the hearing before the Special Magistrate and, in particular, shall not cancel or move to continue the hearing without reasonable cause. Only the requesting party who requested the hearing shall have the authority to ask that the request for hearing be withdrawn.

3. JFRD shall adopt the following administrative policy which shall apply to its employees. The Fire Marshall or his designee who issues a cease and desist order or notice to vacate pursuant to §420.111 shall be responsible for documenting the progress of the fire safety inspection and its aftermath, on a complaint or reinspection form which shall include, at a minimum:

A. A case number assigned to the matter (which may be the number of the Notice of Violation which directed the closure / vacation) and which shall be included on all complaint and reinspection forms.

B. The name of the person or persons who gave consent to the inspection / search.

C. The date on which the emergency is resolved and the business can reopen or the premises can be reoccupied.

D. Information concerning any subsequent inspections to determine compliance with the cease and desist order / notice to vacate, which shall include the date of the inspection, the name of the person conducting the inspection and a brief summary of the results of the inspection.

E. The date on which all issues noted in the cease and desist order / notice to vacate have been addressed (or withdrawn by the Fire inspector).

The documentation required under this policy may be in the form of a paper file and need not be in the form of a computer database.

4. The terms of this paragraph 4 shall apply to Plaintiff's premises, the adjacent bay occupied by Wacko's Liquor Depot, Inc. and to the businesses listed in paragraph 5(C) below. With respect to those entities, JFRD shall employ this administrative construction of the term

"immediate threat exists to the life and safety of the occupants and/or the public" (as used in §420.111(a)):

    A.    It is the policy of JFRD that a cease and desist order / notice to vacate shall not issue in those circumstances where the threat to public health and safety does not create an imminent danger and is easily correctible within one (1) hour of the time the issue is brought to the manager's attention.

    B.    Failure to obtain permits, failure to submit life safety plans, lack of a current occupancy designation, and similar technical, noncompliance with the fire safety code shall not be considered an immediate threat. Nothing shall limit the Fire Marshal from enforcing the fire code against unpermitted work that is an immediate threat.

5.    For a period of nine months after the date of execution of this Agreement, KEVIN L. JONES shall avoid inspecting any of the premises identified below except as provided herein. This restriction shall not apply to any other employee of the City of Jacksonville.

    A.    During weekdays, from 8:00 AM through 5:00 PM, JONES shall not inspect the premises listed below.

    B.    JONES shall not participate in DART inspections of the subject premises unless he has made a good faith inquiry and determined that no other employee of the Fire Rescue Department is available to conduct the inspections.

    C.    This restriction on inspections shall not apply to non-DART inspections made after 5:00 P.M. on weekdays or at any time on weekends, which are based on a documented complaint that one of the listed premises is in violation of the fire safety code.

The premises subject to this paragraph are:

(1)    Wackos, 3701 Emerson Street, Jacksonville;

(2)    Silver Fox, 3243 West Beaver Street, Jacksonville,

(3)    Gold Rush, f/k/a// Mirage, 4919 N. Main Street, Jacksonville

(4)    Sinsations, 2560 Emerson Street, Jacksonville;

(5) Bare Assets, 10749 N. Main Street, Jacksonville;

(6) Passions, 9801 Beach Blvd., Jacksonville

(7) Mascaras, 3225 Southside Blvd., Jacksonville

6. The City shall dismiss its Counterclaim with Prejudice.

7. Within ten days of receipt of an executed Agreement, Plaintiff shall dismiss this case with prejudice and shall execute and tender to the City a Release, in standard form, releasing KEVIN L. JONES, the City, and the City's agents, representatives and employees, from any claims that were made or which could have been asserted in this action. In addition, Plaintiff shall cause Wacko's Liquor Depot, Inc. to execute and tender a Release, in standard form, releasing KEVIN L. JONES, the City, and the City's agents, representatives and employees, from any claims associated with the inspection of its premises on or about March 31, 2017, together with any costs, damages, expenses and attorney's fees related to the renovations required by the various notices of violation issued by the City on that date.

8. In the event of any litigation arising out of an unreasonable and material breach of this Agreement, the prevailing party shall be entitled to an award of its attorney's fees and costs including attorneys' fees and costs of any appeal.

9. The parties shall file a joint motion requesting the Court to adopt the terms of this Mediation Agreement as an Order of the Court and instructing the parties to comply with the terms hereof.

DATED: 10/23, 2018

*Michael H. Kahn* (signature)
MICHAEL H. KAHN, Mediator

PLAINTIFF, WACKOS TOO, INC.

BY: *(signature)*
HARVEY S. SHUMAN, Director,
General Manager and Authorized Agent

BENJAMIN, AARONSON, EDINGER &
PATANZO, P.A.

*(signature)*
GARY S. EDINGER, Esquire
Florida Bar No.: 0606812
305 N.E. 1st Street
Gainesville, Florida 32601
(352) 338-4440 / 337-0696 (Fax)
GSEdinger12@gmail.com
*Attorneys for Plaintiff*

DEFENDANT, CITY OF JACKSONVILLE

BY: *(signature)*

*(signature)*
KEVIN L. JONES, Individually

*(signature)*
JASON TEAL, Esquire
Florida Bar No.: 0157198
117 West Duval Street, Suite 480
Jacksonville, Florida 32202
(904) 630-1700 / (904) 630-1316 (Fax)
JTeal@coj.net

JEFFREY C. CLOSE, Esquire
Florida Bar No.: 164593
117 West Duval Street, Suite 480
Jacksonville, Florida 32202
(904) 630-1700 / (904) 630-1316 (Fax)
jclose@coj.net
*Attorneys for Defendants*

# EXHIBIT A

# ROUTINE FIRE INSPECTION NOTICE

You are being provided this notice by a fire inspector with the Jacksonville Fire and Rescue Department ("JFRD") who is here to conduct a routine fire inspection. You have been identified by the inspector as a person with authority to consent to the fire inspection and provide the fire inspector with access to the property. If you do not have such authority, please notify the inspector immediately and identify the appropriate person to provide such authority.

JFRD performs these types of inspections on non-residential buildings throughout Duval County, as authorized by state and local law. The purpose of these inspections is to determine compliance with state and local fire safety laws to protect against conditions hazardous to life or property in the use or occupancy of buildings or premises.

JFRD requests your consent to conduct a fire inspection of your building, premises, and/or designated unit. You are not required to provide consent to this inspection at this time. However, if you do not consent to the inspection, JFRD has the right to request the court issue a warrant allowing its inspectors to enter the building and/or premises without your consent to conduct the inspection. There are no penalties associated with requiring JFRD to obtain a warrant prior to conducting an inspection.

If the fire inspection reveals any violations of the fire safety code or other applicable laws, the inspector may issue a warning or citation to the party responsible for creating the violation. Such violations may result in fines, corrective action, or other punitive actions.

Pursuant to Jacksonville Ordinance Code Sections 123.102 and 420.104, JFRD is required to charge a fee for this inspection. The fee will be based on the square footage of the building, premises, and/or area subject to inspection, as specified by the Ordinance Code. The fee will be billed to the owner of the location. If you are not the owner of the location, your ultimate responsibility for the fee may be governed by your contractual relationship with the owner. **Please notify the inspector now if you do not consent to this fire inspection. Otherwise, please sign below.**

I hereby certify that I am authorized to, and do give, consent to JFRD to conduct a fire inspection of _____.
[address or description of premises]

Signature: _____   [ ] Refused to consent _____
Print Name: _____                     (Inspector Initials)
Company: _____
Title: _____
Date: _____

For more information regarding these inspections, please visit http://www.coj.net/departments/fire-and-rescue/our-divisions/fire-prevention-division/fire-inspections.

# EXHIBIT "B"

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| **WACKO'S TOO, INC.**, a Florida corporation doing business as WACKO's, <br><br> Plaintiff, <br><br> vs. <br><br> **CITY OF JACKSONVILLE**, a Florida municipal corporation, and **KEVIN L. JONES**, individually, <br><br> Defendants. | CASE NO.: 3:18-cv-74-TJC-MCR |

# FINAL CONSENT ORDER

THIS CAUSE came before the Court on the parties' Joint Motion for Entry of Final Consent Order and the Court having examined the Joint Motion and the parties' Settlement Agreement, and having reviewed the file, it

**FINDS AS FOLLOWS:**

A. Plaintiff filed a Complaint alleging various violations of its civil rights under 42 U.S.C. §1983, together with certain state law claims.

B. The City of Jacksonville filed a Counterclaim seeking to enforce certain provisions of the City's Code of Ordinances.

C. The parties subsequently entered into a Settlement Agreement at mediation which resolved all of the claims set forth in Plaintiff's Complaint as well as the Defendant's Counterclaim. The Settlement Agreement has been filed with this Court.

D. The parties have agreed that the relief afforded by this Consent Order shall not be construed as a concession by the Defendants that they violated any of Plaintiff's constitutional rights or committed any act of wrongdoing, it being acknowledged that the Defendants specifically deny any such violations or wrongful acts.

E. The parties have further agreed that Plaintiff shall be entitled to no relief under its Complaint other than the specific relief provided in the parties' Settlement Agreement and by this Consent Order, and that all other claims asserted by Plaintiff or which could have been asserted by Plaintiff shall be and are dismissed with prejudice.

F. The parties have further agreed that Defendant City of Jacksonville shall be entitled to no relief under its Counterclaim, and that all other claims asserted by Defendants or which could have been asserted by Defendants shall be and are dismissed with prejudice.

**AND IT APPEARING** to the Court that the parties have reached agreement on all outstanding issues in the case,

**IT IS HEREBY ORDERED as follows:**

1. The Jacksonville Fire and Rescue Department ("JFRD") shall adopt the following administrative policy which shall apply to its employees. The policy shall be distributed to all such employees via e-mail and shall be included in the employee handbook or policy guidelines governing those employees:

A. Unless the employee has secured an administrative search warrant, or exigent circumstances exist, the employee shall request permission to search the interior of any premises for which consent is required prior to conducting a search. At the time the employee requests permission to search, he shall give a "Blackstone Notice" to the

landowner or person in charge of the premises which shall include all of the information shown in Exhibit "A" attached to the parties' Settlement Agreement, except for the information regarding charges for the inspection. Employees are encouraged to secure a signature on the Blackstone Notice acknowledging receipt and consent to search, but a signature is not required so long as the Notice is actually given. The foregoing notice requirement shall not apply to permit inspections conducted to verify that corrective measures required by a notice of violation are being undertaken.

B. In all cases where an authorized JFRD employee has ordered the emergency closure of a business or vacation of property under in §420.111 the JFRD shall be responsible for sending the written notice to both the landowner and to the occupant of the property as required by §420.111(c).

C. In every circumstance where a JFRD employee has ordered the emergency closure of a business or vacation of property under in §420.111 and a lawful request has been filed for an expedited hearing pursuant to §§420.111(g), (h) and (i), the JFRD employee who signed the cease and desist order / notice to vacate shall notify the Jacksonville Special Magistrate of the request for hearing on the same day as the receipt of the request for hearing, if received before 3:00 PM on a weekday; or by 12:00 P.M. on the first business day after receipt of the request, if received after 3:00 PM or on a weekend/holiday. The notice to the Special Magistrate shall be by e-mail [currently, aprilm@coj.net)] or hand delivery [to Special Magistrate Administrative Office, 214 N. Hogan Street, 7th Floor, Jacksonville, Florida 32202] and shall include a copy of the cease and desist order / notice to vacate and the request for hearing. A copy of the notice shall be e-mailed to the requesting party at the time it is provided to the Special

Magistrate. The JFRD employee who issued the cease and desist order / notice to vacate or the requestor may follow up with the Special Magistrate on the following business day to confirm receipt of the request for hearing and to confirm that the matter will be set for hearing by the Special Magistrate.

The City shall take no action to interfere with the setting of the hearing before the Special Magistrate and, in particular, shall not cancel or move to continue the hearing without reasonable cause. Only the requesting party who requested the hearing shall have the authority to ask that the request for hearing be withdrawn.

2. JFRD shall adopt the following administrative policy which shall apply to its employees. The Fire Marshall or his designee who issues a cease and desist order or notice to vacate pursuant to §420.111 shall be responsible for documenting the progress of the fire safety inspection and its aftermath, on a complaint or reinspection form which shall include, at a minimum:

A. A case number assigned to the matter (which may be the number of the Notice of Violation which directed the closure / vacation) and which shall be included on all complaint and reinspection forms.

B. The name of the person or persons who gave consent to the inspection / search.

C. The date on which the emergency is resolved and the business can reopen or the premises can be reoccupied.

D. Information concerning any subsequent inspections to determine compliance with the cease and desist order / notice to vacate, which shall include the date

of the inspection, the name of the person conducting the inspection and a brief summary of the results of the inspection.

  E. The date on which all issues noted in the cease and desist order / notice to vacate have been addressed (or withdrawn by the Fire inspector).

  The documentation required under this policy may be in the form of a paper file and need not be in the form of a computer database.

  3. The terms of this paragraph 3 shall apply to Plaintiff's premises, the adjacent bay occupied by Wacko's Liquor Depot, Inc. and to the businesses listed in paragraph 4(C) below. With respect to those entities, JFRD shall employ this administrative construction of the term "immediate threat exists to the life and safety of the occupants and/or the public" (as used in §420.111(a)):

> A. It is the policy of JFRD that a cease and desist order / notice to vacate shall not issue in those circumstances where the threat to public health and safety does not create an imminent danger and is easily correctible within one (1) hour of the time the issue is brought to the manager's attention.
>
> B. Failure to obtain permits, failure to submit life safety plans, lack of a current occupancy designation, and similar technical, noncompliance with the fire safety code shall not be considered an immediate threat. Nothing shall limit the Fire Marshal from enforcing the fire code against unpermitted work that is an immediate threat.

  4. For a period of nine months from October 23, 2018, KEVIN L. JONES shall avoid inspecting any of the premises identified below except as provided herein. This restriction shall not apply to any other employee of the City of Jacksonville.

  A. During weekdays, from 8:00 AM through 5:00 PM, JONES shall not inspect the premises listed below.

B. JONES shall not participate in DART inspections of the subject premises unless he has made a good faith inquiry and determined that no other employee of the Fire Rescue Department is available to conduct the inspections.

C. This restriction on inspections shall not apply to non-DART inspections made after 5:00 P.M. on weekdays or at any time on weekends, which are based on a documented complaint that one of the listed premises is in violation of the fire safety code.

The premises subject to this paragraph are:

(1) Wackos, 3701 Emerson Street, Jacksonville;

(2) Silver Fox, 3243 West Beaver Street, Jacksonville,

(3) Gold Rush, f/k/a// Mirage, 4919 N. Main Street, Jacksonville

(4) Sinsations, 2560 Emerson Street, Jacksonville;

(5) Bare Assets, 10749 N. Main Street, Jacksonville;

(6) Passions, 9801 Beach Blvd., Jacksonville

(7) Mascaras, 3225 Southside Blvd., Jacksonville

5. Each party shall bear their own attorney's fees, expert witness fees and costs in the above-captioned proceedings.

6. Except as otherwise specified in this Consent Order, Plaintiff's claims and the City of Jacksonville's Counterclaims are hereby dismissed with prejudice.

7. The Clerk is directed to close this case. However, the Court reserves jurisdiction to enforce the terms of the parties' Settlement Agreement and this Order.

**DONE AND ORDERED** in Chambers, in Jacksonville, Florida, this _____ day of _____, 201___.

_____
TIMOTHY J. CORRIGAN
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record