**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

WACKO'S TOO, INC., a Florida
Corporation doing business as
Wacko's,

    Plaintiff,

v.                                              Case No.   3:18-cv-74-J-32MCR

CITY OF JACKSONVILLE, a
Florida municipal corporation and
KEVIN L. JONES, individually,

    Defendants.

## FINAL CONSENT ORDER

THIS CAUSE came before the Court on the parties' Joint Motion for Entry of Final Consent Order, (Doc. 21), and the Court having examined the Joint Motion and the parties' Settlement Agreement, and having reviewed the file, it

**FINDS AS FOLLOWS:**

A.    Plaintiff filed a Complaint alleging various violations of its civil rights under 42 U.S.C. § 1983, together with certain state law claims.

B.    The City of Jacksonville filed a Counterclaim seeking to enforce certain provisions of the City's Code of Ordinances.

C. The parties subsequently entered into a Settlement Agreement at mediation which resolved all of the claims set forth in Plaintiff's Complaint as well as the Defendant's Counterclaim. The Settlement Agreement has been filed with this Court.

D. The parties have agreed that the relief afforded by this Consent Order shall not be construed as a concession by the Defendants that they violated any of Plaintiff's constitutional rights or committed any act of wrongdoing, it being acknowledged that the Defendants specifically deny any such violations or wrongful acts.

E. The parties have further agreed that Plaintiff shall be entitled to no relief under its Complaint other than the specific relief provided in the parties' Settlement Agreement and by this Consent Order, and that all other claims asserted by Plaintiff or which could have been asserted by Plaintiff shall be and are dismissed with prejudice.

F. The parties have further agreed that Defendant City of Jacksonville shall be entitled to no relief under its Counterclaim, and that all other claims asserted by Defendants or which could have been asserted by Defendants shall be and are dismissed with prejudice.

**AND IT APPEARING** to the Court that the parties have reached agreement on all outstanding issues in the case,

**IT IS HEREBY ORDERED as follows:**

1. The Jacksonville Fire and Rescue Department ("JFRD") shall adopt the following administrative policy which shall apply to its employees. The policy shall be distributed to all such employees via e-mail and shall be included in the employee handbook or policy guidelines governing those employees:

A. Unless the employee has secured an administrative search warrant, or exigent circumstances exist, the employee shall request permission to search the interior of any premises for which consent is required prior to conducting a search. At the time the employee requests permission to search, he shall give a "Blackstone Notice" to the landowner or person in charge of the premises which shall include all of the information shown in Exhibit "A" attached to the parties' Settlement Agreement, (Doc. 21 at 12), except for the information regarding charges for the inspection. Employees are encouraged to secure a signature on the Blackstone Notice acknowledging receipt and consent to search, but a signature is not required so long as the Notice is actually given. The foregoing notice requirement shall not apply to permit inspections conducted to verify that corrective measures required by a notice of violation are being undertaken.

B. In all cases where an authorized JFRD employee has ordered the emergency closure of a business or vacation of property under § 420.111 the

JFRD shall be responsible for sending the written notice to both the landowner and to the occupant of the property as required by § 420.111(c).

  C. In every circumstance where a JFRD employee has ordered the emergency closure of a business or vacation of property under § 420.111 and a lawful request has been filed for an expedited hearing pursuant to §§ 420.111(g), (h) and (i), the JFRD employee who signed the cease and desist order / notice to vacate shall notify the Jacksonville Special Magistrate of the request for hearing on the same day as the receipt of the request for hearing, if received before 3:00 PM on a weekday; or by 12:00 P.M. on the first business day after receipt of the request, if received after 3:00 PM or on a weekend/holiday. The notice to the Special Magistrate shall be by e-mail [currently, aprilm@coj.net)] or hand delivery [to Special Magistrate Administrative Office, 214 N. Hogan Street, 7th Floor, Jacksonville, Florida 32202] and shall include a copy of the cease and desist order / notice to vacate and the request for hearing. A copy of the notice shall be e-mailed to the requesting party at the time it is provided to the Special Magistrate. The JFRD employee who issued the cease and desist order / notice to vacate or the requestor may follow up with the Special Magistrate on the following business day to confirm receipt of the request for hearing and to confirm that the matter will be set for hearing by the Special Magistrate.

The City shall take no action to interfere with the setting of the hearing before the Special Magistrate and, in particular, shall not cancel or move to continue the hearing without reasonable cause. Only the party who requested the hearing shall have the authority to ask that the request for hearing be withdrawn.

2. JFRD shall adopt the following administrative policy which shall apply to its employees. The Fire Marshall or his designee who issues a cease and desist order or notice to vacate pursuant to § 420.111 shall be responsible for documenting the progress of the fire safety inspection and its aftermath, on a complaint or reinspection form which shall include, at a minimum:

A. A case number assigned to the matter (which may be the number of the Notice of Violation which directed the closure / vacation) and which shall be included on all complaint and reinspection forms.

B. The name of the person or persons who gave consent to the inspection / search.

C. The date on which the emergency is resolved and the business can reopen or the premises can be reoccupied.

D. Information concerning any subsequent inspections to determine compliance with the cease and desist order / notice to vacate, which shall

include the date of the inspection, the name of the person conducting the inspection and a brief summary of the results of the inspection.

E.   The date on which all issues noted in the cease and desist order / notice to vacate have been addressed (or withdrawn by the Fire inspector).

The documentation required under this policy may be in the form of a paper file and need not be in the form of a computer database.

3.   The terms of this paragraph 3 shall apply to Plaintiff's premises, the adjacent bay occupied by Wacko's Liquor Depot, Inc. and to the businesses listed in paragraph 4(C) below. With respect to those entities, JFRD shall employ this administrative construction of the term "immediate threat exists to the life and safety of the occupants and/or the public" (as used in §420.111(a)):

A.   It is the policy of JFRD that a cease and desist order / notice to vacate shall not issue in those circumstances where the threat to public health and safety does not create an imminent danger and is easily correctible within one (1) hour of the time the issue is brought to the manager's attention.

B.   Failure to obtain permits, failure to submit life safety plans, lack of a current occupancy designation, and similar technical, noncompliance with the fire safety code shall not be considered an immediate threat. Nothing shall limit the Fire Marshal from enforcing the fire code against unpermitted work that is an immediate threat.

4.      For a period of nine months from October 23, 2018, or until July 23, 2019, KEVIN L. JONES shall avoid inspecting any of the premises identified in paragraph 4(C) as provided herein. This restriction shall not apply to any other employee of the City of Jacksonville.

A.      During weekdays, from 8:00 AM through 5:00 PM, JONES shall not inspect the premises listed below.

B.      JONES shall not participate in DART inspections of the subject premises unless he has made a good faith inquiry and determined that no other employee of the Fire Rescue Department is available to conduct the inspections.

C.      This restriction on inspections shall not apply to non-DART inspections made after 5:00 P.M. on weekdays or at any time on weekends, which are based on a documented complaint that one of the listed premises is in violation of the fire safety code.

The premises subject to this paragraph are:

(1)     Wackos, 3701 Emerson Street, Jacksonville;

(2)     Silver Fox, 3243 West Beaver Street, Jacksonville,

(3)     Gold Rush, f/k/a// Mirage, 4919 N. Main Street, Jacksonville

(4)     Sinsations, 2560 Emerson Street, Jacksonville;

(5)     Bare Assets, 10749 N. Main Street, Jacksonville;

(6)     Passions, 9801 Beach Blvd., Jacksonville

7

    (7)    Mascaras, 3225 Southside Blvd., Jacksonville

5. Each party shall bear their own attorney's fees, expert witness fees and costs in the above-captioned proceedings.

6. Except as otherwise specified in this Consent Order, Plaintiff's claims and the City of Jacksonville's Counterclaims are hereby dismissed with prejudice.

7. The Clerk is directed to close this case. However, the Court reserves jurisdiction to enforce the terms of the parties' Settlement Agreement and this Order.

**DONE AND ORDERED** in Jacksonville, Florida this 9th day of January, 2019.

_____
TIMOTHY J. CORRIGAN
United States District Judge

jb
Copies:

Counsel of record

8